# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LISA CUNNINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 17CV78 HEA |
| GENERAL MILLS, INC., *et al.*, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff initiated this suit in Ralls County Circuit Court, asserting claims under the Missouri Human Rights Act ("MHRA") against Defendants. Defendants removed the suit contending that jurisdiction exists under 28 U.S.C. § 1332 because (1) more than $75,000 is in controversy, (2) Plaintiff and Defendant General Mills, Inc. are of diverse citizenship, and (3) while Defendants Harrison and Giltner (like Plaintiff) are citizens of Missouri, their citizenship can be disregarded because they have been fraudulently joined. Plaintiff filed a Motion to Remand, contending that diversity of citizenship is lacking because Harrison and Giltner were not fraudulently joined. After considering the parties' arguments the Court concludes that it lacks jurisdiction in this case because Harrison and Giltner have not been fraudulently joined. Therefore, the Motion to Remand, [Doc. No. 13], is **GRANTED** and the case is **REMANDED** to state court. *See* 28 U.S.C. § 1447(c).

## Facts and Background

Plaintiff initiated this case in state court on August 24, 2017. At that time, she had not received a Right to Sue Letter from the Missouri Commission on Human Rights, ("MCHR"). MCHR issued a Right to Sue Letter on October 25, 2017.

The Missouri Legislature amended the MHRA, altering the definitions establishing who could be sued in a manner that would preclude claims against individuals (such as Plaintiff's claim against Harrison and Giltner). The amendments went into effect on August 28, 2017 – after Plaintiff filed suit, but before she received her Right to Sue Letter.

The Notice of Removal contends that Harrison and Giltner's citizenship can be ignored for purposes of ascertaining the Court's jurisdiction because they have been fraudulently joined. Defendants relied in part on the amendment to the MHRA precluding suits against individuals.

## Discussion

Defendants have the burden of demonstrating that jurisdiction exists because they removed the case to federal court. *In re. Business Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1995) (per curiam). In fulfilling this obligation, Defendants correctly contend that the citizenship of fraudulently joined defendants is disregarded when determining whether diversity of citizenship exists. *Murphy v.*

*Aurora Loan Servs., LLC,* 699 F.3d 1027, 1031 (8th Cir. 2012). The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder.

*Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted) (emphasis in original). In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and the Court has "no responsibility to *definitively* settle the ambiguous question of state law." *Id.* at 811 (emphasis in original).

The Court concludes that there is a reasonable basis for believing that Plaintiff's claims against Harrison and Giltner are valid. There is no dispute that an MHRA claim against individuals was permitted (1) when the events giving rise to Plaintiff's claims occurred and (2) when the suit was filed. The fact that Plaintiff did not have a Right to Sue Letter at the time she filed the suit does not mean her claims were invalid. Defendants insist that the lack of a Right to Sue Letter is a jurisdictional defect that renders the claim invalid, but cites no Missouri cases to support the proposition. And, to the contrary, several courts have held that the

failure to obtain a Right to Sue Letter before filing suit can be cured or waived – signifying that the lack of a Right to Sue Letter does not affect the claim's validity. *E.g., Kerr v. Missouri Veterans Comm'n,* 2017 WL 4890797, at *5 (Mo. Ct. App. 2017); *King v. Conti Elec., Inc.,* 2006 WL 1153800, at *1 (E.D. Mo. 2006); *Vankempen v. McDonnell Douglas Corp.,* 923 F. Supp. 146, 149 (E.D. Mo. 1996).

Thus, Missouri law did not clearly preclude Plaintiff from filing suit before receiving a Right to Sue Letter (and before the amendments to the MHRA went into effect), and Plaintiff has a reasonable basis for believing that she could do so. Missouri law also does not clearly establish that the amendments apply in this case. Plaintiff has viable arguments that the amendments do not apply retrospectively to (1) suits that were filed before the amendments' effective date or (2) claims that accrued before the effective date. Defendants have viable arguments to the contrary. But the Missouri courts have not addressed this issue yet, and under *Filla* the Court's role is not to definitively resolve this issue. The Court's role under *Filla* is to determine whether state law clearly precludes Plaintiff's cause of action, or if there is a reasonable basis for Plaintiff's claim against Harrison and Giltner. Given the lack of authoritative decisions from the Missouri courts, and construing the law in Plaintiff's favor, this Court cannot conclude that the amendments to the MHRA clearly foreclose Plaintiff's claim against them. Therefore, Defendants Harrison and Giltner have not been fraudulently joined, and the Court lacks

jurisdiction because there is not complete diversity of citizenship between the Plaintiff and Defendants.

## Conclusion

Complete diversity of citizenship is lacking, therefore, the Court does not have jurisdiction under 28 U.S.C. § 1332(a). The Motion to Remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's The Motion to Remand, [Doc. 13], is **GRANTED**

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court for Ralls County, Missouri.[1]

Dated this 17th day of April, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] The Motion to Dismiss shall remain pending for resolution by the state court.